PEIRCE et al. v. NEW YORK DOCK CO.

(District Court, E. D. New York.  January 10, 1919.)

1. WHARVES ⬤9—LEASE OF PIER—VIOLATION OF CONDITIONS.

Lessor of a pier, by a lease which prohibited the landing or storing thereon of high explosives, *held* justified in retaking possession in accordance with its terms, where lessees permitted a vessel having on board mines or torpedoes to lie at the pier for a number of days.

2. WHARVES ⬤9—LEASE OF PIER—CONSTRUCTION.

A lease of a pier includes the right to tie vessels thereto, and the lessee is bound to exercise care that vessels moored to it do not contain high explosives, prohibited on the pier by the lease.

In Equity.  Suit by William Peirce and George Peirce, trading as Peirce Bros., against the New York Dock Company.  Bill dismissed, and decree for defendant on counterclaim.

Butler, Wyckoff & Campbell, of New York City (Frederick M. Brown, of New York City, of counsel), for plaintiffs.

Davies, Auerbach & Cornell, of New York City (Charles E. Hotchkiss and Martin A. Schenck, both of New York City, of counsel), for defendant.

GARVIN, District Judge.  [1] Plaintiffs brought this action against the New York Dock Company, for convenience hereinafter referred to as the company, which is engaged in business as owner of docks and warehouses, setting forth:

That they made a contract in writing whereby they rented and leased from it Columbia Pier No. 22, with its appurtenances, on the water front in the borough of Brooklyn, city of New York, for the term of 6 years ending in 1919; the lease among other things providing:

"3. * * * If default be made in the performance of any of the covenants or agreements herein contained, the said hiring and the relation of lessor and tenants shall, at the option of the lessor, wholly cease and determine, and the said lessor shall and may re-enter the said premises and remove all persons therefrom without recourse to legal proceedings."

"11. The tenants further agree that they will not land nor store, nor allow to be landed or stored, on the said premises, any dynamite or other high explosive, and will remove promptly upon written notice to that effect any merchandise placed upon the said premises which may prejudice the insurance or interfere with the terms of the insurance policies held by the lessor covering the said premises.

"12. The tenants also agree that they will abide by, perform, and carry out any rules, regulations, or orders now or hereafter made or issued by any government authority or department, either national, state, or municipal, or by the New York Board of Fire Underwriters, or New York Fire Insurance Exchange, with respect to the use or occupation of the herein demised premises."

That while plaintiffs were in possession the company attempted to remove them from the pier, upon the ground that 285 torpedoes or mines were loaded upon the steamer Napoli at the pier on the 10th and 11th days of January, 1918, and that plaintiffs are now in danger of being ejected from the pier by the defendant.

The company by its answer claimed that the plaintiffs had failed to perform certain of the covenants in the lease, in that they failed to obey the orders of the city of New York embraced within the Code of Ordinances of the City of New York relating to explosives, and in particular the provisions of section 65 of article 4 of chapter 10 of said Code, having among other things retained for 48 hours on board of a ship lying at the pier explosives in excess of the quantity required by the ship for its own use for signaling or life-saving purposes. The answer of the company further sets forth that the defendant actually re-entered and took peaceable possession of the pier, having terminated said lease, because plaintiffs had defaulted in their covenants thereunder, and that its right to terminate the lease was not based wholly upon the presence of the explosives on board the Napoli; and, finally, the answer alleges as a counterclaim that prior to the 23d of January, 1918, the plaintiffs violated certain agreements contained in the lease, in that they landed and stored, or allowed to be landed and stored, on, in, and about the premises, high explosives, and that they failed to obey orders issued by the city of New York relative to explosives and inflammable materials, some of which are embraced within section 65 of article 4 of chapter 10 of the Code of Ordinances; that the company on January 23, 1918, terminated the relation of lessor and tenants under the lease, and re-entered the premises covered thereby peaceably, and took entire custody and possession thereof; that by reason of a restraining order dated January 23, 1918, to which reference will be made later, the company has been prevented from using the pier so as to derive any income therefrom, which but for the restraining or-

der it would have been able to derive, and that thereby the plaintiffs have caused defendant damages from the time of the service of the restraining order on January 24, 1918, to the time when it shall be vacated.

The plaintiffs ask for a writ of injunction pendente lite, restraining the defendant company and its representatives from entering upon the pier, and from interfering with plaintiffs' possession, and from beginning or prosecuting any action for possession of the pier or damages for breach of the lease, and that upon the final hearing the injunction be made permanent.

The defendant asks that the bill of complaint be dismissed; that an injunction pendente lite issue forbidding the plaintiffs, Peirce Bros., Incorporated, their agents, and others claiming under them, from interfering with the possession of the defendant company, that the defendant company have a permanent injunction to the same effect, that the defendant recover of the plaintiffs its damages, and that it have such other and further relief as may be proper.

The plaintiffs, by way of reply, deny that the defendant company retook possession of the pier, and allege that, if (which plaintiffs deny) there has been an infraction of any part of the lease by the plaintiffs, it was not willful or negligent, but that it was due to mistake, accident, or surprise, in this: That, if explosive or inflammable materials forbidden by the city of New York were brought to or kept at Pier No. 22, or its vicinity, plaintiffs, exercising proper care, believed that such materials were permitted by the city of New York at the pier. Plaintiffs also claim that defendant has waived the right to declare the lease forfeited.

The court granted the restraining order above mentioned ex parte, and thereafter granted a motion by the plaintiffs to continue the restraining order pendente lite. After the suit was begun, and before trial, one of the plaintiffs, William Peirce, died, and the action was continued without objection by the defendant by the sole surviving partner, George Peirce.

A considerable amount of testimony was offered at the trial concerning other explosives on the pier, much of which both parties agree is irrelevant. The real question now presented is whether or not the lease was broken by the plaintiff because of what occurred with respect to the ship Napoli.

Defendant offered various witnesses connected with the fire department of the city of New York, as a result of whose testimony it is established that high explosive mines were on the steamship Napoli and on a float, both of which were moored to the pier, for several days. This created a condition of great danger and violated an exceedingly important clause of the lease. The plaintiffs had, or should, in the exercise of reasonable care, have had, knowledge of this condition. Much testimony was offered by both parties, which it is not deemed necessary to discuss at length.

[2] The lease of the pier included its appurtenances. This cannot but include the right to tie vessels thereto; otherwise, there would be no occasion for the pier extending into the water. Therefore the ten-

ant of the pier must take care that vessels moored to it are subject to the same restrictions with respect to high explosives being placed thereon.

The plaintiffs, however, claimed that they should have relief from forfeiture because the infraction of the lease was not willful or negligent. With this contention the court cannot agree, being of the opinion that reasonable care on the part of plaintiffs would have prevented the mines from being brought to the pier, or would have discovered their presence at once, and provided for their immediate removal.

The defendant may have a decree dismissing the bill of complaint herein, and enjoining the plaintiffs from in any manner interfering with defendant in the sole custody, occupation, and possession of the premises described in the lease set forth in the bill of complaint.